JOHN C. AYCOCK, plaintiff in error, vs. HENRY D. LEITNER, defendant in error.

[1.] That a *fi. fa.* is the first execution issued in a bail case, does not discharge the bail

[2.] When the Term to which a *ca. sa.* is returnable, is adjourned to another day, a return of the *ca. sa.* to the adjourned Term, will be regular, and will serve as the return required, before a *sci. fa.* against bail, can be issued.

[3.] In a bail case, the Sheriff was the bail and the *sci. fa* was directed to the Coroner, and the Sheriff acknowledged service of the *sci. fa.*, and waived service of it by the Coroner, or any other officer.

*Held*, That even if the direction was wrong, this acknowledgment and waiver, cured the error.

Certiorari, from Cass county. Decision by Judge CROOK, March Term, 1859.

The following are the facts of this case:

Henry D. Leitner brought suit against Charles A. Hamilton, and held him to bail, in the Inferior Court of Cass county. John C. Aycock became his surety in the bail bond. Judgment was obtained against Hamilton, November 24th, 1856, and a *fi. fa.* issued December 10th, 1856, which was returned by the Sheriff "no property" 23d May, 1857. On

the 25th August, 1857, a *capias ad satisfaciendum* issued, and was returned *non est inventus*—return dated 11th January, 1858, but the return purported to be made to November Term, 1857, which was the regular Term of said Court, but there was in fact no Court held in November, but an adjourned Term held in January, 1858, at the time the Sheriff's return bears date.

Plaintiff sued out *scire facias* 24th March, 1858, directed to the Coroner of Cass county, against Hamilton, principal, and Aycock security on the bail bond, to show cause why judgment should not be entered against them, &c. Aycock was Sheriff of the county at the time the *scire facias* issued, and acknowledged due and legal service 30th March, 1858.

At the trial in the Inferior Court, upon plaintiff's motion to take judgment against the bail, Aycock, for the amount of his recovery against the principal, counsel for Aycock objected on the grounds:

1st. That a *fi. fa.* had been first issued upon the judgment against the principal debtor.

2d. Because the *ca. sa.* being returnable to November Term, 1857, the return of *non est inventus* thereon was entered thereon 11th January, 1858.

3d. Because the *scire facias* was directed to the Coroner of Cass county.

The plaintiff moved to amend the *scire facias*, by addressing it to all and singular the Sheriffs of this State, and the deputy Sheriffs of the high Sheriffs.

And the deputy Sheriff proposed to amend the return of *non est*, so as to make the entry thereof bear date on the first day of the November Term, 1857, of said Inferior Court.

The Court refused the amendments, and discharged the bail, and dismissed the *scire facias*, and plaintiff, upon exceptions to said rulings and judgment, sued out a *certiorari*, and the case thereupon coming on in the Superior Court, that Court, after argument, sustained the *certiorari* and re-

Aycock vs. Leitner.

versed the judgment of the Inferior Court, and counsel for Aycock excepted.

MILNER & PARROTT, for plaintiff in error.

PRINTUP; and McCONNELL, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Were the objections to the motion to enter up judgment against the bail, good? The Court below thought they were not, and we think so too.

[1.] The first of them, was, that a *fi. fa.* was issued before the issuing of the *ca. sa.* Is there any law that discharges the bail, if a *fi. fa.,* and not a *ca. sa.,* is the first execution issued? We know of none; we were cited to none. Certainly, so far as the principal is concerned, the plaintiff may have first, a *fi. fa.,* and then, a *ca. sa.* (*Tidd Pr.* 1005, 985.) Indeed, there is authority, that he may have both at the same time. (*2 Mod. Ca.* 302; *Com. Dig. "Execution H."*) And if it be true, that the plaintiff has the right, so far as the principal is concerned, why is it not true, that he has it also, so far as the bail are concerned? The exercise of the right, deprives them of nothing. Whether it be a *fi. fa.,* or a *ca. sa.,* that is the execution first issued, is not material to the bail. Whichever it be, they can equally discharge themselves, at their pleasure, by a surrender of their principal; for which ever it be, he still remains equally, in their custody, or in their power.

Therefore, we can see nothing in the objection.

The second objection was thus stated: " Because, the *ca. sa.* being returnable to the November Term of 1857, had an entry of *non est inventus,* dated January 11, 1858."

But the November Term was adjourned until a day in January, and the day on which the entry was dated, was a day in that adjourned Term. The adjournment of the Court

in this way, merely enlarged the November Term, and made it include the days in January, during which the Court sat. This return, therefore, was perfectly regular. Besides, the fact, that the Sheriff kept the writ in his hands, till January, when he might have returned it in November, was to the benefit of the bail.

[2.] We can see nothing valid, then, in the second objection.

The third objection was, "that the *sci. fa.* was directed to the Coroner."

Aycock, the bail, was the Sheriff. Therefore, it would not have been proper to direct the *sci. fa.* to him. He acknowledged service of it, in the following words: " I acknowledge due and legal service of this writ of *scire facias*, and waive service, and all service of Coroner, or any other officer."

This waiver was, we think, sufficient to cure any defect in the direction of the *sci. fa.*, if there was any defect in it; and we do not say that there was.

[3.] We think, then, that this objection also was invalid; consequently, we must affirm the judgment of the Superior Court.

Judgment affirmed.